# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| THOMAS BUI, | : | MOTION TO VACATE |
| BOP ID 65827-019, | : | 28 U.S.C. § 2255 |
|   Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-1387-WSD-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|   Respondent. | : | 1:14-CR-61-WSD-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Thomas Bui's *pro se* "Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255." *See* [1]. The Rules Governing Section 2255 Proceedings in the United States District Court provide that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge *must* dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(b) (emphasis added). Because it plainly appears that Bui is not entitled to relief in this case for the reasons set forth below, I **RECOMMEND** that his § 2255 motion be **DISMISSED** and that a Certificate of Appealability be **DENIED**.

In February 2014, Bui was indicted for distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). *See* [1].

A few months later, Bui indicated a desire to plead guilty, and a change of plea hearing was held on August 6, 2014. "The Court continued the hearing . . . to allow the parties to address a legal question raised by the Court," [18] at 1, namely, whether Bui's conduct in hosting images of children engaged in sexual acts that he made available to others through the GigaTribe peer-to-peer file sharing network constituted "distribution" of child pornography, *see* [47] at 40 ("My question is for there to be an offense under 2252(a)(2), where somebody has [a pornographic image] resident on their computer but takes no action to transmit it and simply authorizes somebody to retrieve it, is that a crime under 2252(a)(2)?"). When the plea hearing reconvened, the Court concluded that there was no precedent directly on point from the United States Court of Appeals for the Eleventh Circuit, declined to accept Bui's guilty plea, and set the case for trial, in part to preserve Bui's appellate rights. *See* [48] at 7-8.

Bui waived his right to a jury trial, and the Court conducted a bench trial on November 4, 2014. The parties entered into numerous stipulations,

and "[t]he disputed issue at trial was whether Defendant 'knowingly distributed' child pornographic images through GigaTribe, a peer[-]to-peer file-sharing program, in violation of 18 U.S.C. § 2252(a)(2)." *Id.* at 1-2 (footnote omitted). "The Court conclude[d] that the Eleventh Circuit would define 'distribution' under Section 2252(a)(2) to mean that a defendant 'distributes' child pornographic images 'when he either transfers it to another person or makes it accessible to others through a file-sharing website or peer-to-peer network.'" *Id.* at 4 (quoting *United States v. Grzybowicz*, 747 F.3d 1296, 1308 (11th Cir. 2014)). Consequently, the Court found beyond a reasonable doubt that Bui was guilty on both the distribution and possession counts of the indictment. *See id.* at 10-12.

To further preserve his appellate rights, Bui stated at sentencing an "objection that a person who is on a peer-to-peer program is not engaged in the act of distribution." [50] at 8 & 11. The Court overruled this objection, *id.* at 11, and sentenced Bui to, *inter alia*, concurrent 87-month terms of imprisonment, *see* [33].

On appeal, the Eleventh Circuit rejected Bui's challenges to (A) "the sufficiency of the evidence to support his conviction for knowingly distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2)" and

3

(B) this Court's conclusion "that he distributed a visual depiction of child pornography, rather than just a file fragment." *United States v. Bui*, 636 F. App'x 788, 789 & 790 (11th Cir. 2016), *cert denied*, 2016 U.S. LEXIS 5802 (Oct. 3, 2016).

Bui contends in his § 2255 motion that his trial attorney provided ineffective assistance by failing "to challenge the term 'distribute' as unconstitutionally vague" and by failing to challenge an alleged "constructive amendment" to the indictment. *See* [55] at 5-10. Both of these arguments are meritless.

In the decades that § 2252(a)(2) has been part of Title 18 of the United States Code, no defendant has ever successfully challenged any part of it–let alone the specific term "distribute"–as unconstitutionally vague. This is unsurprising. "To satisfy due process, 'a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358, 402 (2010) (quoting *Kolender v. Lawson*, 461 U.S.

352, 357-58 (1983)).  Section 2252(a)(2) meets both tests.[1]  Indeed, focusing in particular on the interpretation and application of the term "distribute" in § 2252(a)(2), the Eleventh Circuit in Bui's own case, noted that "five other circuits had unanimously concluded that a defendant distributes child pornography when he transfers it to another person or makes it accessible through a file-sharing website or peer-to-peer network." *Bui*, 636 F. App'x at 789.  Thus, Bui's attorney did not provide ineffective assistance when he elected not to challenge § 2252(a)(2) on "vagueness" grounds, because "counsel could have reasonably concluded that this defense was almost certain to lose," *Knowles v. Mirzayance*, 556 U.S. 111, 125 (2009), and "counsel . . . is not ineffective for failure to raise a meritless argument," *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2006).

   Bui's argument that his trial attorney also provided ineffective assistance by failing to argue that the Government constructively amended the indictment misapprehends what constitutes a constructive amendment.

---

[1]  Moreover, "[t]he strong presumptive validity that attaches to an Act of Congress has led [the Supreme] Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." *United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963).

"A constructive amendment occurs 'when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment.'" *United States v. Holt*, 777 F.3d 1234, 1261 (11th Cir. 2015) (quoting *United States v. Narog*, 372 F.3d 1243, 1247 (11th Cir. 2004)). But "evidence that properly was admitted as intrinsic to the charged offenses does not impermissibly broaden the indictment to include other crimes." *Id.* at 1261. Comparison of the indictment in this case to the Court's written findings of fact and conclusions of law entered after the bench trial makes it clear that no constructive amendment occurred in this case. *Compare* [1] *with* [26]. Again, Bui's attorney was not ineffective for declining to argue that the indictment had been constructively amended, because "counsel could have reasonably concluded that this defense was almost certain to lose," *Knowles*, 556 U.S. at 125, and "counsel . . . is not ineffective for failure to raise a meritless argument," *Diaz*, 402 F.3d at 1142.[2]

---

[2] Bui makes two other arguments in passing, *first* that he would have preferred "having a jury trial rather than a bench trial," and, *second*, that "his plea of guilty was not a voluntary and intelligent choice among all the alternative courses of action open to him because the term 'distribute' is unconstitutionally vague." [55] at 7. The first argument is contradicted by Bui's express waiver of his right to a jury trial. *See* [49] at 4-5. And the second argument is meritless both because he did not plead guilty and

Finally, Bui is not entitled to a Certificate of Appealability because he does not meet the requisite standards.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED AND DIRECTED**, this 25th day of July, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

because the term "distribute" is not unconstitutionally vague, for the reasons already discussed.