# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **THOMAS BUI,** <br><br> **Movant,** <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> **Respondent.** | **1:17-cv-1387-WSD** <br> **1:14-cr-61-WSD-CMS-1** |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [56] ("R&R"), recommending that Movant Thomas Bui's ("Bui") Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255 [55] ("2255 Motion") be dismissed, and that a certificate of appealability be denied.

## I.   BACKGROUND

On February 25, 2014, a grand jury in the Northern District of Georgia returned an Indictment [1] charging Bui with one count of distributing child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 1), and one count of possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B)

and (b)(2) (Count 2).[1]  On August 6, 2014, the Court held a change of plea hearing at which Bui sought to enter a guilty plea.  ([18]).  The Court declined to accept Bui's guilty plea and, on November 4, 2014, after Bui waived his right to a jury trial, the Court conducted a bench trial on the charges alleged in the Indictment.  ([22]; [49] at 4).  The parties entered several stipulations into evidence, and "[t]he disputed element at trial was whether [Bui] 'knowingly distributed' child pornographic images through GigaTribe, a peer-to-peer file-sharing program, in violation of 18 U.S.C. § 2252(a)(2)."  ([26] at 1-2).  On November 14, 2014, the Court found Bui guilty of both counts in the Indictment, including because "mak[ing] [child pornography] accessible to others through a file-sharing website or peer-to-peer network" constitutes "distribution" of child pornography under Section 2252(a)(2).  ([26] at 4 (quoting United States v. Grzybowicz, 747 F.3d 1296, 1308 (11th Cir. 2014)).

On March 4, 2015, Bui was sentenced to 87 months in prison, followed by 15 years of supervised release.  ([33]).  The Court, at Bui's sentencing hearing, overruled his "objection that a person who is on a peer-to-peer program is not engaged in the act of distribution."  ([50] at 8, 11).  On March 13, 2015, Bui filed

---

[1] Citations to the record, in this Order, refer to criminal action number 1:14-cr-61-WSD-CMS-1.

2

his Notice of Appeal [35]. On February 29, 2016, the Court of Appeals for the Eleventh Circuit affirmed Bui's convictions, rejecting his argument that "the district court erred in concluding there was sufficient evidence to prove that: (1) he distributed child pornography through a file sharing program; and (2) he distributed a visual depiction of child pornography, rather than just a file fragment." United States v. Bui, 636 F. App'x 788, 789 (11th Cir. 2016). On October 3, 2016, the United States Supreme Court denied Bui's petition for a writ of certiorari. Bui v. United States, 137 S. Ct. 100 (2016).

On April 13, 2017, Bui filed his 2255 Motion, challenging his convictions on the grounds that his trial counsel was constitutionally ineffective. Bui argues that his counsel should have challenged the constitutionality of 18 U.S.C. § 2252(a)(2)—the provision under which Bui was convicted of distributing child pornography—on the grounds that that the statutory word "distributes" is impermissibly vague. Bui also argues that his counsel "could have but failed to challenge the prosecutor's decision to constructively amend the Indictment." ([55] at 8-9). Bui claims the Government constructively amended his Indictment by introducing evidence that a "Los Angeles FBI operative downloaded visual depictions of child pornography." ([55] at 8-9).

On July 25, 2017, the Magistrate Judge issued her R&R, recommending that Bui's 2255 Motion be dismissed and that a certificate of appealability be denied. Bui did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standards

#### 1. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's conduct was "outside the wide range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "[F]or a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

#### 2. Magistrate Judge's Final Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Bui did not file objections to the R&R, and the Court thus reviews it for plain error.

    B.    Analysis

        1.    Bui's Vagueness Argument

Bui claims his trial counsel rendered ineffective assistance because he failed to argue that the word "distributes," in Section 2252(a)(2), is unconstitutionally vague. "To satisfy due process, a penal statute must define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." Skilling v. United States, 561 U.S. 358, 402-03 (2010). "The strong presumptive validity that attaches to an Act of Congress has led [the Supreme] Court to hold many times that statutes are not automatically

5

invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." United States v. Nat'l Dairy Prod. Corp., 372 U.S. 29, 32 (1963). The United States Supreme Court has "consistently sought an interpretation which supports the constitutionality of legislation." Id.

The Magistrate Judge found that Section 2252(a)(2)'s prohibition against the "distribut[ion]" of child pornography is not void for vagueness, noting that "no defendant has ever successfully challenged any part of [Section 2252(a)(2)]—let alone the specific term 'distribute'—as unconstitutionally vague." (R&R at 4). The Magistrate Judge thus determined that Bui's counsel was not ineffective for failing to assert, at trial or sentencing, that the statutory provision was impermissibly vague. The Court finds no plain error in the Magistrate Judge's conclusions. In its order dismissing Bui's appeal, the Eleventh Circuit stated that "the word 'distribute' ordinarily means to deliver, give out, dispense, or disperse to others and that peer-to-peer networks are one method of distributing files over the internet." Bui, 636 F. App'x at 789. Bui did not render ineffective assistance by failing to challenge Section 2252(a)(2) on vagueness grounds, because "counsel could have reasonably concluded that this defense was almost certain to lose," Knowles v. Mirzayance, 556 U.S. 111, 125 (2009), and "counsel . . . is not

6

ineffective for failure to raise a meritless argument," Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2006).

### 2. Bui's Constructive Amendment Argument

Bui argues that the Government constructively amended his Indictment by introducing, at trial, evidence that a "Los Angeles FBI operative downloaded visual depictions of child pornography." ([55] at 8-10). Bui claims his counsel was ineffective for failing to challenge this alleged constructive amendment. "A constructive amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." United States v. Holt, 777 F.3d 1234, 1261 (11th Cir. 2015). "[E]vidence that properly was admitted as intrinsic to the charged offenses does not impermissibly broaden the indictment to include other crimes." Id.

The Magistrate Judge found that the Government's introduction of evidence about Bui's child pornography did not constructively amend the Indictment. The Magistrate Judge determined that a "[c]omparison of the indictment in this case to the Court's written findings of fact and conclusions of law entered after the bench trial makes it clear that no constructive amendment occurred in this case." (R&R at 6). The Magistrate Judge thus concluded that Bui's trial counsel was not

ineffective for failing to argue that the Indictment was constructively amended. The Court finds no plain error in the Magistrate Judge's findings and recommendations. See Knowles, 556 U.S. at 125 (stating that counsel is not constitutionally ineffective for failing to raise a defense where he "could have reasonably concluded that [the] defense was almost certain to lose"); Diaz, 402 F.3d at 1142 (stating that "counsel . . . is not ineffective for failure to raise a meritless argument"); see also Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983) ("Even if in retrospect the strategy appears to have been wrong, [counsel's] decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it. The burden of proof to establish ineffectiveness and prejudice is on the petitioner."). Bui has not shown that Section 2252(a)(2) is constitutionally void or that his Indictment was constructively amended, and he has not met his "heavy burden" of showing his counsel was constitutionally ineffective. Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010). Bui's 2255 Motion is denied.[2]

---

[2] The Magistrate Judge found that, to the extent Bui argues that he wanted "a jury trial rather than a bench trial" and that "his plea of guilty was not a voluntary and intelligent choice," ([55] at 7), Bui has not shown he is entitled to relief because he expressly waived his right to a jury trial and he did not plead guilty, (R&R at 6. n.2). The Court finds no plain error in these determinations.

8

### 3. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his Section 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The Magistrate Judge found that a certificate of appealability should be denied because it is not reasonably debatable that Bui is not entitled to relief. The Court finds no plain error in the Magistrate Judge's conclusion. A certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas' Final Report and Recommendation [56] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Thomas Bui's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255 [55] is **DENIED**.

**IT IS FURTHER ORDERED** that civil action number 1:17-cv-1387-WSD is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 3rd day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE